IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD EUGENE STEVENSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-06-561-M |
| ) | |
| DAVID PARKER, Warden, ) | |
| ) | |
| Respondent ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Tim Leonard, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).[1] Respondent has filed a response to the petition, and thus the matter is at issue. For the reasons set forth herein, it is recommended that the petition be denied.

By this action, Petitioner challenges his conviction by a jury on one count of child abuse after former conviction of two or more felonies, for which he was sentenced to life imprisonment.[2] Case No. CF-2003-457, District Court of Pottawattomie County. Petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals, which affirmed his conviction on February 6, 2006. Stevenson v. State, No. F-2004-971 (Okla. Crim. App. Feb. 6, 2006) (attached as Exhibit 3 to Response). Petitioner did not file any applications for state post-conviction relief.

---

[1] After the referral, the case was re-assigned to United States District Judge Vicki Miles-LaGrange.

[2] Petitioner was originally sentenced to one hundred years and three months, but the Oklahoma Court of Criminal Appeals modified the sentence to life imprisonment on direct appeal. See Response, Ex. 3, p. 3.

Petitioner raises three grounds for relief in support of his petition. In Ground One, he alleges that his sentence was inflated by the introduction of the prejudicial videotape of the victim. Petition, p. 5. In Ground Two, he alleges "irrelevant and improper evidence" and that the jury was influenced by the video and an improper jury instruction. Petition, p. 5. In Ground Three, Petitioner claims that he was deprived of a fair trial through the accumulation of errors. Petition, p. 6.

**I. BACKGROUND**

On November 23, 2003, Holly Stevenson went to the store to buy diapers for her and Petitioner's three-month old twins.[3] When she left, one of the twins, T. S. was cuddled up asleep next to his father. However, when she returned, Petitioner was sitting on the couch shining a flashlight into T. S.'s eyes; he told Holly that the baby was hurt and not responding. When the baby did not respond to her, Holly ran to a neighbor, who then went with her to a downstairs neighbor who called 911. The baby was taken to Unity Hospital in Shawnee, where doctors noted bruising on the arms between the elbows and shoulders, diagnosed retinal hemorrhages, and conducted a CAT scan that confirmed blood on the brain. The doctor believed the child had suffered a forceful acceleration/deceleration injury. The child's respiratory status was stabilized and he was transferred by MediFlight to Children's Memorial Hospital in Oklahoma City. Petitioner maintained that the child was injured when he tripped over a vacuum cleaner cord. The doctor who treated T. S. at Children's testified that the child's injuries indicated a violent acceleration/deceleration force inconsistent with Petitioner's version of the incident.

---

[3]These background facts are taken from Petitioner's brief on direct appeal, attached to the Response as Exhibit 1.

**II. STANDARD FOR GRANTING A PETITION FOR A WRIT OF HABEAS CORPUS**

For factual and legal issues that have already been adjudicated in state court, the Court may only grant a writ of habeas corpus if that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2).

A state court's determination is contrary to clearly established federal law where it applies a rule that contradicts the law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court's determination involves an unreasonable application of clearly established Supreme Court precedent if it identifies the correct governing legal principle from the Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Id. at 413; see also Wiggins v. Smith, 539 U.S. 510, 520 (2003). It is not enough that the state court applied clearly established federal law erroneously or incorrectly; the application must also be unreasonable. Williams, 529 U.S. at 410-11; Valdez v. Bravo, 373 F.3d 1093, 1096 (10th Cir.), cert. denied, 543 U.S. 1008 (2004).

## III.  DISCUSSION

### A.  GROUND ONE - ADMISSION OF VIDEOTAPE

In his first ground for relief, Petitioner claims that his sentence was inflated by virtue of a prejudicial videotape of the victim.  This same claim was raised by Petitioner on direct appeal, and was rejected:

> The trial court also did not abuse its discretion in admitting a videotape of visits with the victim at the Children's Center.  The videotape in this case was relevant in showing the extent of the victim's injuries and the extent of the harm suffered by the victim at the hands of [Petitioner].  The tape corroborated the testimony of [the social worker and T.S.'s great aunt], and it corroborated Dr. Stuemky's testimony that the baby's injuries were such that they could not have been caused accidentally. [Petitioner's] agreement that the baby suffered massive severe injuries does not make the tape inadmissible as it remains the State's burden to prove the corpus delicti of the crime and the videotape is relevant for that purpose.  While the videotape is admittedly prejudicial, that prejudice does not outweigh its probative value.

Summary Opinion, p. 2-3 (attached to Response as Ex. 3).

Respondent first contends that habeas relief does not lie for errors of state law, and that evidentiary rulings are matters of state law within the discretion of the state courts. Response, p. 3.  Thus, Respondent contends, a federal habeas court should not disturb such rulings unless there is an error so grossly prejudicial that it fatally infects the trial and denies the fundamental fairness that is the essence of due process.  Id. at 3-4.  In this case, Respondent claims that the admission of the tape was not contrary to state law in that it was relevant for several purposes, and furthermore, was not so grossly prejudicial as to constitute the denial of a fundamentally fair trial.  Id. at 4-6.  The undersigned agrees.

When no particular constitutional guarantees are implicated, evidentiary objections raise questions merely of state law and, therefore, are cognizable in a federal habeas action only if the alleged error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process. Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir. 2002). In other words, federal habeas relief does not lie for errors of state law absent a determination that the state court's finding was so arbitrary and capricious as to constitute an independent due process violation. Fields v. Gibson, 277 F.3d 1203, 1220 (10th Cir. 2002) (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Thus, Petitioner's burden is a heavy one; he must show that the state's failure to follow its own law is arbitrary in the constitutional sense, that is, it must shock the judicial conscience. Aycox v. Lytle, 196 F.3d 1174, 1180 (10th Cir.1999).

The undersigned finds that Petitioner has failed to sustain this burden in the present case. Here, the Oklahoma Court of Criminal Appeals found that the videotape was properly admitted to corroborate the testimony of Dr. Stuemky that T. S.'s injuries were such that they could not have been caused accidentally – an essential element of the crime of child abuse.[4] Summary Opinion, p. 3. The Court also found that any prejudice caused

---

[4]OUJI-CR 4-35 CHILD ABUSE - ELEMENTS

No person may be convicted of child abuse unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person willfully/maliciously engaged in;

[Second, injuring/torturing/maiming;

Third, of a child under the age of eighteen.]

OR

[Second, harm/(threatened harm);

by the tape was outweighed by its probative value. Id. The Tenth Circuit Court of Appeals addressed a similar situation in Willingham v. Mullin, 296 F.3d 917, 928 (10th Cir. 2002), where the petitioner alleged error in the introduction of photographs depicting the victim's body. On direct appeal, the Oklahoma Court of Criminal Appeals had held that the photographs had been properly admitted to prove intent to kill, and that any prejudice caused by their admission was outweighed by their probative value. With the federal standard in mind, the Willingham Court concluded that the Oklahoma Court of Criminal Appeals' resolution of this matter was not unreasonable. Similarly, in Thornburg v. Mullin, 422 F.3d 1113, 1128-29 (10th Cir. 2005), the petitioner challenged the admission of six photographs "depicting the charred remains of the victims' bodies, as and where they were found." In that case, the petitioner did not dispute the manner of death. Nonetheless, the Tenth Circuit determined that "the state still bore the burden to convince the jury that its witnesses, both eyewitnesses and experts, provided an accurate account of events [and] [t]he photographs corroborated their accounts." Id. at 1129. Here, the Oklahoma Court of Criminal Appeals found that the videotape similarly corroborated the accounts of both eyewitnesses and experts as to the nature of the crime and the non-accidental cause of the injuries. Thus, the Oklahoma Court of Criminal

---

Third, to the health/safety;

Fourth, of a child under the age of eighteen;

Fifth, by a person responsible for the child's health/safety.]

Harm/(Threatened harm) includes, but is not limited to (select from the following): (nonaccidental physical/mental injury), sexual abuse, sexual exploitation, neglect, failure/omission to provide protection from harm/(threatened harm).

Oklahoma Uniform Jury Instructions, Crim.2d 4-35.

6

Appeals' determination that admission of the videotape was proper did not result in a decision that was contrary to or an unreasonable application of federal law. Accordingly, it is recommended that relief be denied as to Ground One.

**B.  GROUND TWO – JURY INFLUENCED BY VIDEOTAPE AND IMPROPER INSTRUCTION**

In Ground Two, Petitioner simply states "irrelevant and improper evidence" and "jury was influenced by video and improper instruction." Petition, p. 5. Although it is difficult to discern the precise nature of Petitioner's claim from this description, Petitioner's second error on direct appeal concerned the evidence used to prove his former convictions, which apparently contained several extraneous references – including references to parole. It also concerned the trial court's response to the following jury question during deliberations: "what options of parole for various sentences 20 yrs - 100 yrs – life – ." Response, Ex. 5.  The trial court responded to the question as follows: The Court understands your concern, however, is prohibited from answering your question.  You have all the instructions necessary." Response, Ex. 5.

On direct appeal, the Oklahoma Court of Criminal Appeals agreed that the trial court committed plain error in allowing the admission of exhibits containing inadmissible details of Petitioner's prior convictions, and that the evidence improperly influenced the jury to recommend an excessive sentence.  Summary Opinion, p. 3.  It accordingly modified Petitioner's sentence to life imprisonment.  <u>Id.</u>  Respondent contends that as the Oklahoma Court of Criminal Appeals has already granted Petitioner relief on his second ground, that no further relief is warranted and the claim is moot. The undersigned agrees that Ground Two is moot as to Petitioner's claim regarding the

admission of evidence regarding the details of his prior convictions, and further finds that there is no merit to his claim that the jury was improperly instructed regarding parole options.[5]

To the extent Petitioner is raising the same claim he raised on direct appeal, the undersigned agrees the claim is moot. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir.1998). The requirement that a petition present a "case or controversy" means that the plaintiff must have suffered an actual injury which can "'be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citation omitted). In this case, the State court has already acknowledged an evidentiary error, and taken corrective action – corrective action which is both authorized by State law and constitutional. Okla. Stat. tit. 22, § 1066 confers upon the Oklahoma Court of Criminal Appeals the power to review the entire record to determine the appropriateness of the judgment and the sentence, and to exercise its authority to modify a sentence. See Livingston v. State, 795 P.2d 1055, 1058 (Okla. Crim App. 1990). Furthermore, if a state appellate court has authority to exercise its own discretion and modify a jury sentence on appeal as a matter of state law, no due process violation occurs when it does so. Carbray v. Champion, 905 F.2d 314, 317-318 (10th Cir. 1990) (citing Clemons v. Mississippi, 494 U.S. 738, 746 (1990)). If the error has been corrected, and done so constitutionally, there is nothing more which can be addressed by a favorable

---

[5]To the extent Petitioner is again complaining about the admission of the videotape in this ground, that claim has no merit for the reasons just given in connection with Ground One.

8

decision herein. That is the case with regard to the erroneous admission of Petitioner's prior conviction details.

With regard to the jury instruction, the undersigned first notes generally that errors relating to jury instructions in a state criminal trial are not reviewable in a federal habeas corpus action "unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)). As emphasized by the Supreme Court in Henderson v. Kibbe, 431 U.S. 145, 154 (1977), "[t]he question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("The question . . . is not whether the [challenged] instruction is undesirable, erroneous, or even universally condemned, but whether the instruction so infected the trial that the resulting conviction violates due process.") (internal quotations omitted). A petitioner's burden, therefore, to establish constitutional error based on an erroneous jury instruction, is a heavy one. Nguyen, 131 F.3d at 1357.

More specifically, failing to instruct on parole does not render a petitioner's trial fundamentally unfair. The Supreme Court has held that due process only requires that a jury be informed, either in a jury instruction or in arguments by counsel, as to parole ineligibility in capital cases in which future dangerousness has been placed in issue. Simmons v. South Carolina, 512 U.S. 154, 156 (1994); Ramdass v. Angelone, 530 U.S. 156, 169 (2000) (Simmons applies only to instances where there is no possibility of

parole as a legal, rather than a factual, matter).  Of course, States "remain free" to adopt other rules that "go beyond the minimum requirements of the Constitution."  See Ramdass, 530 U.S. at 177-178.  Along similar lines, Tenth Circuit precedent holds that in non-capital cases, the meaning of life without parole need not be further defined for a jury and therefore, failure to give such an instruction does not constitute a violation of federal constitutional rights.  See, e.g., Sallahdin v. Gibson, 275 F.3d 1211, 1229 (10th Cir. 2002); Neill v. Gibson, 278 F.3d 1044, 1063 (10th Cir. 2001); Mayes v. Gibson, 210 F.3d 1284, 1294 (10th Cir. 2000).  Thus, there was no constitutional requirement that the jury in this case be informed as to parole eligibility for various sentences. Accordingly, it is recommended that relief be denied as to Ground Two.

### C.  GROUND THREE – CUMULATIVE ERROR

Petitioner argues that the cumulative effect of "all the errors" deprived him of a fair trial. Petition, p. 6.  However, "[a] cumulative-error analysis aggregates all the errors that individually have been found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they are not harmless." Van Woudenberg ex rel. Foor v. Gibson, 211 F.3d 560, 571 (10th Cir. 2000), abrogated on other grounds, McGregor v. Gibson, 248 F.3d 946 (10th Cir. 2001).  Because cumulative-error analysis "does not apply to the cumulative effect of non-errors," Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998), Petitioner must first show that two or more actual errors occurred in order to be entitled to relief.  Therefore, because the

undersigned has found that Petitioner's Grounds One and Two are without merit, his cumulative error argument is unavailing. Accordingly, it is recommended that relief also be denied on Ground Three.

### **RECOMMENDATION**

For the reasons discussed above, it is recommended that the petition for writ of habeas corpus be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 4, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**Entered this 14th day of September, 2006.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE